# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-60007
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2023

Lyle W. Cayce
Clerk

Maria Dilcia Cruz-Guevara,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 803 137

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Maria Dilcia Cruz-Guevara, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from a decision of an Immigration Judge ordering her removed and denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60007

the denial of asylum, withholding, and CAT claims for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Pursuant to this standard, we may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id.* (internal quotation marks and citation omitted). Cruz-Guevara has not met this standard.

With respect to her asylum and withholding claims, she has not meaningfully contested the BIA's conclusion that she failed to show that Honduran officials would be unwilling or unable to protect her from persecution and thus has not shown that the evidence compels a conclusion contrary to that of the agency on this issue. *See id.*; *see also Sanchez-Amador v. Garland*, 30 F.4th 529, 534 (5th Cir. 2022); *Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Because official unwillingness or inability to protect the alien from persecution is an essential element of claims for asylum and withholding, she has not met the substantial evidence standard with respect to these claims, and there is no need to address her remaining arguments concerning these forms of relief. *See Zhang*, 432 F.3d at 344; *Jaco*, 24 F.4th at 402; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

Similarly, she has not shown that the evidence compels a conclusion contrary to that of the agency on the issue whether she more likely than not will be tortured with governmental acquiescence if repatriated and thus has not met the substantial evidence standard with respect to her CAT claim. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017). The petition for review is DENIED.